LAWRENCE A. BURNS, RELATOR-APPELLANT, v. POLICE AND FIRE PENSION COMMISSION OF ORANGE, RE-SPONDENT-RESPONDENT.

Submitted October 30, 1942—Decided January 22, 1943.

For the appellant, *Wilbur J. Bernard.*

For the respondent, *Edmond J. Dwyer* and *James H. McLeod.*

The opinion of the Court was delivered by

Donges, J. This is an appeal from a judgment of the Supreme Court sustaining a demurrer to an alternative writ of *mandamus* by which relator-appellant sought to compel the respondent, Police and Fire Pension Commission of Orange, to change the rate of deductions from his pension allowance.

When the relator reached the retirement age he was receiving a salary of $3,000 per year as a member of the police department. From this salary there had been deducted, in accordance with the law, four per cent. as a contribution to the pension fund. He retired upon half pay of $1,500 per year and the respondent insisted upon a deduction of eight per cent. of this sum, or four per cent. of his former salary. His claim is that the deduction should be four per cent. of the amount he actually receives.

The Supreme Court held against the relator on the ground that the language of section 3 of the statute (*R. S.* 43:16-1, *et seq.*) required a continuance of deductions as made before retirement. This language is: "The widow of every retired member of the police or fire department, who, while a member of the department shall have paid into the fund the full amount of his annual assessments or contributions and continued so to do after his retirement until his death * * * shall * * * receive a pension," &c. The Supreme Court held that the sum as fixed at the time of retirement, or just prior thereto, must continue to be paid after retirement.

We conclude that this holding was error. Section 5 of the act provides "a. There shall be deducted from every payment of salary to each member of the police and fire departments in such municipality four per cent. of the amount thereof * * *." It appears clear that the purpose of section 3 is not to fix for all time the amount of the contribution, but to require contributions at the rate fixed by the statute. For

this purpose, the payment of salary mentioned in section 5 and payment of pension are to be taken as referring to the amount actually received, and the amount actually received, either by way of salary before retirement or by way of pension after retirement, is the sum subject to the deduction at the rate of four per cent. as fixed by the statute.

This view is supported by the provision in section 5: "b. The municipality shall raise by taxation and pay into the fund yearly an amount equal to four per cent. of the total salaries paid to the members of the police and fire departments." To follow the reasoning of the respondent to its logical conclusion, the municipality would be required to contribute on the basis of the maximum salary received by each member of the department, although it was not in fact making such payments.

In *Whalen* v. *Pension Commission, &c.,* 7 *N. J. Mis. R.* 964, it was held: "There is no percentage or sum of money that the statute either directs shall be deducted from his pay or that he himself shall voluntarily contribute, and it is only by interpreting the word 'salary' as meaning also the word 'pension' that any sum whatever can be realized for the pension fund from the pensioner. Assuming that the word salary is intended to cover both salary and pension and that the percentage governing in the former shall apply in the latter, it is but logical to apply the same reasoning to the mode of payment. If the percentage from salary contemplates a like percentage from the pension, the statute provides the method of its collection, which is a deduction by the disbursing officer of the percentage from the salary or pension as the case may be." This language was approved by this court, *Whalen* v. *Pension Commission,* 107 *N. J. L.* 198.

It seems clear that what is contemplated by the statute is a deduction of the statutory percentage from the sum actually received. Certainly, deductions would not be continued at the amount taken from his larger salary, if an officer is reduced in rank and his salary decreased.

In *Bader* v. *Cronce,* 116 *N. J. L.* 329, a policeman retired at a time when the statutory deduction was two per cent. of salary. That amount was deducted from his pension. The

statute was amended to raise the deduction to four per cent., and the question raised was whether the four per cent. rate applied to persons already on pension. It was held that it did, but it was clearly indicated that the deduction applied to the amount of the pension and not to the salary before retirement. In every reported case there seems to have been agreement that whatever rate applied, it was applied to the amount of pension and not to the amount of prior salary. *McGarvey* v. *Board of Pension Commission,* 119 *Id.* 390; *Clay* v. *Police and Fire Pension Fund Commission,* 121 *Id.* 19; *Salley* v. *Firemen's and Policemen's Pension Fund,* 124 *Id.* 79.

To give the provision of the statute in question the strict interpretation sought to be applied, would mean that a member of the force would continue for his life to pay into the fund the maximum amount ever deducted, although his salary, if he was ever reduced in rank or pay, or his pension was far less than the maximum salary received by him. It is more logical and reasonable to hold that what the statute requires is that the deduction shall be based upon the application of the four per cent. rate to the sums actually received, either by way of salary or pension.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.